**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| **U.S. GREEN BUILDING COUNCIL, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LEED INTERNATIONAL, LLC**<br><br>**Defendant.** | **CASE NO. 3:14-cv-1541**<br>**Jury Trial Demanded** |

## <u>COMPLAINT</u>

Plaintiff U.S. Green Building Council, Inc. ("USGBC"), by counsel, alleges as follows for its Complaint against Defendant Leed International, LLC ("Leed International"):

### INTRODUCTION

1.      USGBC brings this action for federal and common law trademark infringement, federal trademark dilution, federal and common law unfair competition, federal false advertising, and federal cybersquatting to protect the valuable and world famous trademark LEED (the "LEED Mark") and the enormous amount of goodwill and brand equity that it has developed in the LEED Mark over almost two decades.  The LEED Mark, which stands for "Leadership in Energy & Environmental Design" (the "LEED Tagline"), is the public symbol of USGBC's LEED green building certification program.  As such, it is the embodiment of substantial consumer goodwill that is the result of years of work and effort by thousands of USGBC's members, volunteers, and diverse stakeholders to develop the world's leading program to promote and certify sustainable, green buildings.

2.      Defendant Leed International is engaged in a brazen, willful effort to exploit and trade on the fame and goodwill associated with the LEED Mark.  Leed International uses the name LEED INTERNATIONAL (the "LEED INTERNATIONAL Mark") to promote itself as a provider of green building consulting services, including, remarkably, consulting on LEED certification.  Leed International's adoption of the LEED INTERNATIONAL Mark was no accident, as, upon information and belief, Leed International was fully aware of USGBC's LEED certification program and intended to create an impermissible association between itself and LEED when it chose its mark.  To underscore the willfulness of its actions, Leed International not only copied the LEED Mark wholesale for its own corporate name and trademark, it also blatantly knocked-off the LEED Tagline by adopting the tagline "Leader in Environmental & Energy Development."  Faced with this brazen attempt to co-opt the efforts of USGBC's members and volunteers over many years in developing, maintaining, improving, and promoting the world-famous LEED certification program, USGBC brings this action to stop the damage caused by Leed International's willful attempts to trade on USGBC's reputation and goodwill.

## PARTIES

3.      Plaintiff USGBC is a 501(c)(3) nonprofit organization organized and existing under the laws of the District of Columbia, with its principal place of business at 101 L Street, NW, Suite 500, Washington, D.C.

4.      Defendant Leed International is a Texas limited liability corporation with a place of business at 9090 Skillman, Suite 182A, 294, Dallas, Texas 75243.  Leed International's registered agent is David E. Wardell and its registered office address is 9527 Viewside Drive, Dallas, Texas 75231.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this lawsuit under 15 U.S.C.

§§ 1121 and 1125 and under 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental

jurisdiction over USGBC's state law claims under 28 U.S.C. § 1367.

6.      Leed International is organized and existing under the laws of the State of Texas

and has its principal place of business within this judicial district and division.  For at least these

reasons, Leed International is subject to personal jurisdiction in this Court.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because

Leed International is subject to personal jurisdiction in this judicial district and a substantial part

of the events giving rise to the claims occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

**A.      USGBC's Famous LEED Certification Program and the LEED Marks.**

8.      USGBC is the leading promoter in the United States of environmentally and

socially responsible ways to design, build and operate buildings and communities.  USGBC was

founded in 1993 and has since grown to include more than 13,000 member organizations and 76

regional chapters across the United States.

9.      USGBC is composed of a diverse group of stakeholders, including builders and

environmentalists, corporations and nonprofits, teachers and students, lawmakers and citizens.

Among USGBC's ranks are leaders from all sectors with an interest in green building, including,

for example, construction firms, manufacturing firms, service contractors and utility and energy

service companies.  What unifies USGBC's seemingly disparate membership is a shared belief in

the importance of sustainable, green buildings to complement our environment and enhance our

communities.

10.     USGBC uses a number of trademarks in the course of its business, including several design marks for variations on mark U.S. GREEN BUILDING COUNCIL.  Two such design marks are reproduced below:

 

(together "USGBC's Design Marks").  USGBC permits its chapters and members to display and use these marks to communicate their affiliation with USGBC to the public, subject to USGBC's trademark usage guidelines.

11.     USGBC's most visible work in promoting sustainable, green building is its LEED certification program.  LEED, which was created from USGBC's tagline "Leadership in Energy & Environmental Design," is a voluntary, consensus-based national rating system that focuses on improving the environmental and human health performance of existing buildings and real estate, as well as new construction.  The LEED Program addresses all building types and emphasizes best-in-class, state-of-the-art strategies in five areas: sustainable site development, water savings, energy efficiency, materials and resources selection, and indoor environmental quality.

12.     The LEED certification program began in 1996 and has developed into the most widely recognized and widely used green building program in the world.  Every day, roughly 1.5 million square feet of building space in 135 countries around the world are certified under the LEED program.  To date, there are more than 54,000 projects participating in LEED, comprising more than 10.1 billion square feet of construction space.

13.     USGBC began using the mark LEED (the "LEED Mark") in connection with the LEED certification program in commerce on or about April 30, 1996.  Since then, USGBC has developed a family of LEED-formative marks that it uses in support of the LEED program.  This family of marks includes, for example, LEED AP, LEED FELLOW, LEED FOR HOMES, LEED SILVER, LEED GOLD, and LEED PLATINUM, as well as a number of design marks that incorporate the LEED Mark (collectively "USGBC's LEED Family of Marks").  As can be readily seen, the common feature of each member of USGBC's LEED Family of Marks is the use of the formative LEED Mark.

14.     USGBC has extensively promoted the LEED certification program using the LEED Mark and USGBC's LEED Family of Marks for nearly two decades.  As a result, the LEED Mark is famous and instantly recognizable to the consuming public of the United States and became famous long before the events complained of in this Complaint.  Indeed, the United States Patent and Trademark Office has *sua sponte* recognized the LEED Mark as famous in the context of at least two refusals to register applied-for marks comprised in part of the LEED Mark.  *See* LEED BEAR WWW.LEEDBEAR.ORG, U.S. Ser. No. 77/578,561 (Suspension Letter mailed July 29, 2009 (stating that the LEED Mark "is famous"); LEED, U.S. Ser. No. 79/062,285, (Office Action mailed Feb. 2, 2009) ("[T]he US Green Building Council's LEED certification is so famous that consumers would presume a connection").

15.     To protect the substantial investment it has made in the LEED Mark, USGBC has obtained nearly thirty trademark registrations for the LEED Mark and dozens more registrations for marks in USGBC's LEED Family of Marks in countries around the world.  In the United States, USGBC owns Trademark Reg. No.  2,763,993 for the LEED Mark in connection with "[d]evelopment and dissemination of educational materials for others in the field of

environmental design, construction, and operation of buildings and real estate; educational

services, namely, conducting classes, seminars, conferences and workshops in the field of

environmental design, construction, and operation of buildings and real estate" in International

Class 41 and "[s]ervices involving the formulation of standards and best practices for the

environmental design, construction, and operation of buildings and real estate; testing, analysis

and evaluation of the services of others for the purpose of certification" in International Class 42.

This registration issued on September 16, 2003 and became incontestable in 2008 under section

15 of the Lanham Act, 15 U.S.C. § 1065.  It remains in full force and effect and is conclusive

evidence of the validity of the LEED Mark, of USGBC's registration and ownership of the

LEED Mark, and of USGBC's exclusive right to use the LEED Mark.  A copy of the certificate

of registration for this mark is attached as Exhibit 1.

     16.     USGBC also owns registrations for the following members of USGBC's LEED

Family of Marks:

| Mark | Reg. No. | Registration Date | Services |
|---|---|---|---|
|  | 3,407,161 | 4/1/2008 | Development and dissemination of educational materials for others in the field of environmental design, construction, and operation of buildings and real estate; educational services, namely, conducting classes, seminars, conferences and workshops in the field of environmental design, construction, and operation of buildings and real estate.<br>Services involving the formulation of standards and best practices for the environmental design, construction, and operation of buildings and real estate; testing, analysis and evaluation of the services of others for the purpose of certification. |
| LEED AP | 3,495,463 | 9/2/2008 | Environmental design, construction, and operation of buildings and real estate. |

| | | | |
|---|---|---|---|
|  | 3,589,960 | 3/17/2009 | Environmental design, construction, and operation of buildings and real estate. |
|  | 3,775,137 | 4/13/2010 | Environmental design, construction, and operation of buildings and real estate. |
|  | 3,818,881 | 7/13/2010 | Environmental design, construction, and operation of buildings and real estate. |
| LEED FOR HOMES | 3,818,882 | 7/13/2010 | Environmental design, construction, and operation of buildings and real estate. |
| LEED PLATINUM | 3,953,333 | 5/3/2011 | Environmental design, construction, and operation of buildings and real estate. |
| LEED GOLD | 3,953,334 | 5/3/2011 | Environmental design, construction, and operation of buildings and real estate. |
| LEED SILVER | 3,953,335 | 5/3/2011 | Environmental design, construction, and operation of buildings and real estate. |
| LEED FELLOW | 4,474,675 | 1/28/2014 | Providing recognition and incentives by way of awards to demonstrate excellence in the field of green building. |

Each of these registrations remains in full force and effect and is *prima facie* evidence of the validity of each mark, and of USGBC's registration, ownership and exclusive right to use each mark. A copy of the certificate of registration for each of these members of USGBC's Family of Marks is attached as Exhibit 2.

17.    To protect its famous and important LEED Family of Marks, USGBC actively polices for infringing and dilutive uses of the LEED Mark. Moreover, USGBC proactively

requires its members and LEED-certified professionals to adhere to detailed trademark usage guidelines that explicitly spell out which uses of USGBC's trademarks, including the LEED Family of Marks, are permissible and which are impermissible.  These guidelines explicitly prohibit use of the LEED Mark in corporate names, logos, domain names or brand names for products and/or services.

18.     USGBC's LEED Mark and the various members of its LEED Family of Marks are inherently distinctive.  Alternatively, as a result of USGBC's longstanding use and promotion of the LEED Mark and the members of USGBC's LEED Family of Marks, these marks have acquired secondary meaning, becoming widely recognized by the general consuming public and the trade as designations of source identifying USGBC and its services.

**B.     Leed International's Willful Infringement and Dilution of the LEED Mark and False Advertising.**

19.     Upon information and belief, Defendant Leed International has knowingly and willfully attempted to misappropriate the goodwill reflected in the famous LEED Mark for its own benefit and profit.

20.     Leed International operates a construction consulting service, which purports to focus on green and sustainable building, using the LEED INTERNTAIONAL Mark and the tagline "Leader in Environmental & Energy Development" (the "Imitation Tagline").  To make clear that Defendant uses the LEED INTERNATIONAL Mark as both a trademark and a corporate name, Defendant includes the trademark symbol (™) together with the words "Leed International, LLC" on its websites at www.leedintl.net and www.leedintl.com.  Similarly, Defendant claims trademark use of the Imitation Tagline by likewise pairing it with the trademark symbol on those websites.

21.     The LEED INTERNATIONAL Mark merely pairs the famous LEED mark together with the generic word "international," which describes the purported reach of Defendant's green building consulting services.  For its stylized use of the LEED INTERNATIONAL, Leed International writes the LEED INTERNATIONAL Mark in all lower case letters with the second "e" in "leed" in green.  Despite these minor alterations to the LEED Mark, Leed International's stylized version of the LEED INTERNATIONAL Mark nonetheless creates and conveys a commercial impression that is essentially identical to the commercial impression conveyed by the famous LEED Mark, and the stylized version of the LEED INTERNATIONAL Mark is still confusingly similar to the LEED Mark.

22.     Leed International has also registered and uses two domains names that incorporate the LEED Mark wholesale: <leedintl.net> and <leedintl.com> (the "Leed International Domains").  Like the LEED INTERNATIONAL Mark, the Leed International Domains consist merely of the LEED Mark paired together with "intl," the abbreviation for "international," and the generic top level domains .com and .net.

23.     Leed International's Imitation Tagline, Leader in Environmental & Energy Development, is a transparent knock-off of USGBC's LEED Tagline, Leadership in Energy & Environmental Design, which is the underpinning of the LEED Mark.  Defendant has made only minor changes to USGBC's original LEED Tagline, none of which alter the commercial impression or minimize Leed International's obvious attempt to mimic and trade on USGBC's well-known LEED Tagline.

24.     The obvious similarities between the LEED INTERNATIONAL Mark and the LEED Mark, and the Imitation Tagline and USGBC's original Leadership in Energy & Environmental Design mark are no mere coincidence.  Upon information and belief, Leed

International's principals were well aware of the LEED certification program, the LEED Mark, the LEED Tagline, and the substantial goodwill and cachet that had already attached to those marks when they adopted the LEED INTERNATIONAL Mark and Imitation Tagline and began to use them in commerce.  Nevertheless, Leed International's principals proceeded with the adoption of the LEED INTERNATIONAL Mark and Tagline in an attempt to benefit from the instant recognition and goodwill that are embodied in the LEED Mark and Tagline.

25.     Leed International's misuse of the LEED Mark is not limited to the wholesale misappropriation of the LEED Mark in the LEED INTERNATIONAL Mark and the Leed International Domains.  Leed International also misleadingly uses the LEED Mark throughout its website at www.leedintl.net to promote its services by claiming to offer LEED project certification consulting services,  "LEED compliancy and certification," and a "professional LEED accredited staff."  Leed International also purports to provide updates on "LEED WORLD WIDE" and to offer other guidance on LEED certification.  Leed International's other website at www.leedintl.com proclaims "We provide LEED services worldwide" and states that they provide "master plan LEED consulting services and "LEED validation consulting services.  All of these uses of the LEED Mark misleadingly suggest that Leed International is affiliated with, connected to, or sponsored by USGBC and the LEED program when, in fact, it is not.  These misleading and confusing uses of the LEED Mark can be seen in the screenshots in Exhibit 4.

26.     Moreover, Leed International's constant references to LEED on its websites exacerbate the likelihood of confusion that its use of the LEED INTERNATIONAL Mark already creates.  By using the LEED INTERNATIONAL Mark in close proximity to repeated uses of the LEED mark and references to the LEED certification program, Leed International

substantially increases the risk that consumers will be confused as to the connection or affiliation between Leed International and USGBC.

27.     Leed International, however, is not a member of USGBC.  In fact, USGBC terminated Leed International's membership in the organization specifically because of Leed International's misappropriation of the LEED Mark in the LEED INTERNATIONAL Mark and the LEED INTERNATIONAL Domains, and Leed International's refusal to cease use of that mark and those domains when USGBC contacted it regarding its violation of USGBC's trademark rights and membership policies.

28.     Nevertheless, Leed International continues to falsely claim USGBC as an "affiliated organization," and to proclaim itself as a "National Member of the U.S. Green Building Council".  Leed International also displays copies of the USGBC Design Marks on its websites, again falsely suggesting affiliation with USGBC.  Furthermore, Leed International claims to be a "proud and Active Member of the North Texas Chapter of the US Green Building Council," even though its membership in that chapter of USGBC was terminated for the same reason that its membership in USGBC was terminated, namely its brazen and continued misuse of the LEED Mark.  Leed International's false and misleading uses of the USGBC Design Marks and false claims to membership in USGBC can be seen in the screenshots in Exhibit 5.

29.     Leed International's egregious misuse of the LEED Mark and Tagline and USGBC's Design Marks have caused, or are likely to cause great and irreparable injury to USGBC, including irreparable injury to the goodwill and reputation embodied in those marks, for which USGBC has no adequate remedy at law.

30.     Upon information and belief, Leed International will continue to commit the acts complained of unless enjoined.

31.     Upon information and belief, Leed International's acts were deliberately and intentionally carried out in bad faith, or with a reckless disregard for or with willful blindness to USGBC's rights in the LEED Mark, USGBC's LEED Family of Marks and the USGBC Design Marks, for the purpose of trading on USGBC's reputation embodied in the LEED Mark and diluting the LEED Mark and on USGBC's reputation embodied in the USGBC Design Marks.

32.     The willful nature of Leed International's unlawful acts renders this an "exceptional case," entitling USGBC to an award of profits, treble damages and attorneys' fees under 15 U.S.C. § 1117(a).

**COUNT I**
**Federal Trademark Infringement**
**15 U.S.C. § 1114**
**(Infringement of the Registered LEED Mark)**

33.     Paragraphs 1 through 32 are incorporated and made a part of this Count.

34.     Leed International is using reproductions, counterfeits, copies or colorable imitations of the federally-registered LEED Mark in commerce in connection with the sale, offering for sale, distribution and/or advertising of services that do not originate with, and are not sponsored by or affiliated with USGBC.

35.     Leed International is applying reproductions, counterfeits, copies or colorable imitations of the federally registered LEED Mark in advertisements intended to be used in commerce in connection with the sale, offering for sale, distribution, or advertising of services that do not originate with, and are not sponsored by or affiliated with USGBC.

36.     Leed International's actions are likely to cause confusion, mistake, or deception as to the affiliation, connection or sponsorship of services offered by Leed International in that customers and potential customers are likely to believe that the services offered by Leed International in connection with reproductions, counterfeits, copies or colorable imitations of the

LEED Mark are provided by sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to USGBC.

37.     Leed International's actions are likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the goods and services provided by Leed International and USGBC.

38.     As a direct and proximate result of the likely confusion, mistake, or deception, USGBC has suffered and will continue to suffer irreparable harm if Leed International's conduct is not enjoined.

39.     The likely confusion, mistake, or deception caused by Leed International violates section 32 of the Lanham Act, 15 U.S.C. § 1114.

40.     Upon information and belief, Leed International's use of reproductions, counterfeits, copies or colorable imitations of the federally registered LEED Mark is willful.

## COUNT II
## Federal Unfair Competition
## 15 U.S.C. § 1125(a)
## (Infringement of the LEED Mark)

41.     Paragraphs 1 through 32 are incorporated and made a part of this Count.

42.     Leed International's use of the LEED INTENRATIONAL mark constitutes use of terms, names, symbols and devices, and use of false designations of origin, all of which are likely to cause confusion, mistake, or deception as to the source of origin of the services provided by Leed International, in that customers and potential customers are likely to believe that such goods and services are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to USGBC.

43.     Leed International's use of the LEED INTENRATIONAL mark is likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the goods and services provided by Leed International and USGBC's LEED certification program.

44.     As a direct and proximate result of the likely confusion, mistake, or deception, USGBC has suffered and will continue to suffer irreparable harm if Leed International's conduct is not enjoined.

45.     The likely confusion, mistake, or deception caused by Leed International violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.     Upon information and belief, Leed International's acts complained of in this count are willful.

**COUNT III**
**Federal Trademark Dilution**
**15 U.S.C. § 1125(c)**
**(Dilution of the LEED Mark)**

47.     Paragraphs 1 through 32 are incorporated and made a part of this Count.

48.     The LEED Mark is a famous trademark within the meaning of 15 U.S.C. § 1125(c), and became famous before Leed International began using the LEED INTERNATIONAL Mark and Leed International Domains in connection with its services.  The LEED Mark is advertised and used extensively throughout the United States, and is highly recognizable by the trade and consuming public.  Further, USGBC actively polices the use of the LEED Mark by third parties.

49.     Leed International is engaged in a commercial use of the LEED INTERNATIONAL Mark, the Leed International Domains and the LEED Mark.

50.     Leed International's actions are disparaging and damaging, and are likely to cause dilution of the LEED Mark through, at the very least, blurring and tarnishing.

51.     Leed International's actions are likely to dilute by blurring by impairing the distinctiveness of the LEED Mark.

52.     Leed International's actions are likely to dilute by tarnishing the LEED Mark by, at least, using the LEED INTERNATIONAL Mark, the Leed International Domains and the LEED Mark to advertise and sell services that do not live up to the high standards set for services offered under the LEED Mark.

53.     As a result of Leed International's likely dilution, USGBC has suffered, and will continue to suffer, irreparable injury and substantial damages, while Leed International has been and will continue to be unjustly enriched.

54.     Upon information and belief, Leed International's dilution of the LEED Mark is and was willful.

55.     The likely dilution of the LEED Mark caused by Leed International violates section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**COUNT IV**
**Cybersquatting**
**15 U.S.C. § 1125(d)**
**(Bad Faith Registration and Use of the Leed International Domains)**

56.     Paragraphs 1 through 32 are incorporated and made a part of this Count.

57.     Upon information and belief, Leed International registered and has used the domains <leedintl.com> and <leedintl.net>, which are confusingly similar to the LEED Mark, and is dilutive of the LEED Mark, with a bad faith intent to profit from the goodwill, reputation, and fame of the LEED Mark.

58.     The LEED Mark was distinctive at the time of registration of the <leedintl.com> and <leedintl.net> domains.

59.     The LEED Mark was famous at the time of registration of the <leedintl.com> and <leedintl.net> domains.

60.     Leed International's registration and use of the <leedintl.com> and <leedintl.net> domains violates the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

**COUNT V**
**Federal Trademark Infringement**
**15 U.S.C. § 1114**
**(Infringement of the Registered USGBC Design Marks)**

61.     Paragraphs 1 through 32 are incorporated and made a part of this Count.

62.     Leed International is using reproductions, counterfeits, copies or colorable imitations of the federally-registered USGBC Design Marks in commerce in connection with the sale, offering for sale, distribution and/or advertising of services that do not originate with, and are not sponsored by or affiliated with USGBC.

63.     Leed International is applying reproductions, counterfeits, copies or colorable imitations of the federally registered USGBC Design Marks in advertisements intended to be used in commerce in connection with the sale, offering for sale, distribution, or advertising of services that do not originate with, and are not sponsored by or affiliated with USGBC.

64.     Leed International's actions are likely to cause confusion, mistake, or deception as to the affiliation, connection or sponsorship of services offered by Leed International in that customers and potential customers are likely to believe that the services offered by Leed International in connection with reproductions, counterfeits, copies or colorable imitations of the USGBC Design Marks are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to USGBC.

65.     Leed International's actions are likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the goods and services provided by Leed International and USGBC.

66.     As a direct and proximate result of the likely confusion, mistake, or deception, USGBC has suffered and will continue to suffer irreparable harm if Leed International's conduct is not enjoined.

67.     The likely confusion, mistake, or deception caused by Leed International violates section 32 of the Lanham Act, 15 U.S.C. § 1114.

68.     Upon information and belief, Leed International's use of reproductions, counterfeits, copies or colorable imitations of the federally registered USGBC Design Marks is willful.

## COUNT VI
### Federal Unfair Competition
### 15 U.S.C. § 1125(a)
### (Infringement of the USGBC Design Marks)

69.     Paragraphs 1 through 32 are incorporated and made a part of this Count.

70.     Leed International's use of the USGBC Design Marks constitutes use of terms, names, symbols and devices, and use of false designations of origin, all of which is likely to cause confusion, mistake, or deception as to the source of origin of the services provided by Leed International, in that customers and potential customers are likely to believe that such goods and services are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to USGBC.

71.     Leed International's use of the USGBC Design Marks is likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe

there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the goods and services provided by Leed International and USGBC.

72.     As a direct and proximate result of the likely confusion, mistake, or deception, USGBC has suffered and will continue to suffer irreparable harm if Leed International's conduct is not enjoined.

73.     The likely confusion, mistake, or deception caused by Leed International violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74.     Upon information and belief, Leed International's acts complained of in this count are willful.

**COUNT VII**
**False Advertising**
**15 U.S.C. § 1125(a)(1)(B)**
**(False Advertising of Leed International's Relationship to USGBC)**

75.     Paragraphs 1 through 32 are incorporated and made a part of this Count.

76.     Leed International's use of the USGBC Design Marks and related claims to membership in USGBC and USGBC's North Texas Chapter constitute false and/or misleading statements, made in commercial advertising and promotion, that misrepresent the nature, characteristics and qualities of Leed International's services in that they falsely and misleadingly indicate that Leed International is legitimately affiliated with USGBC.

77.     Leed International's claims regarding its qualifications to provide LEED certification services constitute false and/or misleading statements, made in commercial advertising and promotion that misrepresent the nature, characteristics and qualities of Leed International's services in that they falsely and misleadingly indicate that Leed International is associated with USGBC and USGBC's LEED certification program.

78.     Leed International's false and/or misleading statements are material in that they are likely to influence customer decisions on whether to engage Leed International's services.

79.     Leed International's false and/or misleading statements have the tendency to deceive a substantial segment of their intended audience and, upon information and belief have actually deceived customers.

80.     Upon information and belief, Leed International has made each of its false and/or misleading statements with knowledge of their falsity or misleading character, or willfully and with a reckless disregard for their falsity or misleading character.

81.     As a direct and proximate result of Leed International's publication and dissemination of false and/or misleading advertising, USGBC has suffered substantial damage and irreparable harm, for which USGBC has no adequate remedy at law.

82.     Unless and until Leed International's false advertising is enjoined, USGBC will continue to suffer irreparable harm and damages.

## COUNT VIII
## Common Law Trademark Infringement
### (Infringement of the LEED Mark)

83.     Paragraphs 1 through 32 are incorporated and made a part of this Count.

84.     USGBC's LEED Mark is a distinctive trademark that is eligible for protection under Texas common law.

85.     USGBC has used the LEED Mark in commerce long before Leed International began using the LEED INTERNATIONAL mark in commerce.

86.     Leed International's use of the LEED INTERNATIONAL mark in connection with the offering of Leed International's goods and services is likely to cause confusion between its mark and the LEED Mark.

87.     As a direct and proximate result of Leed International's use of the LEED INTERNATIONAL mark, USGBC has suffered substantial damage and irreparable harm, for which USGBC has no adequate remedy at law.

88.     Unless and until Leed International's infringement is enjoined, USGBC will continue to suffer irreparable harm and damages.

### COUNT VIII
### Common Law Trademark Infringement
### (Infringement of USGBC's Design Marks)

89.     Paragraphs 1 through 32 are incorporated and made a part of this Count.

90.     USGBC's Design Marks are distinctive trademarks that are eligible for protection under Texas common law.

91.     USGBC has used USGBC's Design Marks in commerce long before Leed International began using those marks in commerce.

92.     Leed International's use of USGBC's Design Marks in connection with the offering of Leed International's goods and services is likely to cause confusion among consumers.

93.     As a direct and proximate result of Leed International's use of USGBC's Design Marks, USGBC has suffered substantial damage and irreparable harm, for which USGBC has no adequate remedy at law.

94.     Unless and until Leed International's infringement is enjoined, USGBC will continue to suffer irreparable harm and damages.

### COUNT IX
### Common Law Trademark Infringement
### (Infringement of the LEED Tagline)

95.     Paragraphs 1 through 32 are incorporated and made a part of this Count.

96.     USGBC's LEED Tagline is a distinctive trademark that is eligible for protection under Texas common law.

97.     USGBC has used the LEED Tagline in commerce long before Leed International began using the Imitation Tagline in commerce.

98.     Leed International's use of the Imitation Tagline in connection with the offering of Leed International's goods and services is likely to cause confusion among consumers.

99.     As a direct and proximate result of Leed International's use of the Imitation Tagline, USGBC has suffered substantial damage and irreparable harm, for which USGBC has no adequate remedy at law.

100.    Unless and until Leed International's infringement is enjoined, USGBC will continue to suffer irreparable harm and damages.

### COUNT X
### Common Law Unfair Competition
### (Use of the LEED INTERNATIONAL Mark)

101.    Paragraphs 1 through 32 are incorporated and made a part of this Count.

102.    Leed International's use of the LEED INTERNATIONAL Mark trade upon the goodwill established by USGBC in the LEED Mark and constitutes unfair competition under the common  law of the State of Texas.

103.    Leed International's acts of unfair competition have been willful.

104.    Leed International has been unjustly enriched by its acts of unfair competition.

105.    USGBC has been and will continue to be irreparably harmed and damaged by Leed International's conduct and USGBC lacks an adequate remedy at law to compensate it for this harm and damage.

## COUNT XI
### Common Law Unfair Competition
### (Use of the USGBC Design Marks)

106.    Paragraphs 1 through 32 are incorporated and made a part of this Count.

107.    Leed International's use of the USGBC Design Marks trades upon the goodwill established by USGBC in those marks and constitutes unfair competition under the common law of the State of Texas.

108.    Leed International's acts of unfair competition have been willful.

109.    Leed International has been unjustly enriched by its acts of unfair competition.

110.    USGBC has been and will continue to be irreparably harmed and damaged by Leed International's conduct and USGBC lacks an adequate remedy at law to compensate it for this harm and damage.

## COUNT XII
### Common Law Unfair Competition
### (Use of the Imitation Tagline)

111.    Paragraphs 1 through 32 are incorporated and made a part of this Count.

112.    Leed International's use of the Imitation Tagline trades upon the goodwill established by USGBC in those marks and constitutes unfair competition under the common law of the State of Texas.

113.    Leed International's acts of unfair competition have been willful.

114.    Leed International has been unjustly enriched by its acts of unfair competition.

115.    USGBC has been and will continue to be irreparably harmed and damaged by Leed International's conduct and USGBC lacks an adequate remedy at law to compensate it for this harm and damage.

## JURY DEMAND

USGBC respectfully requests a jury trial for this matter.

**WHEREFORE**, USGBC prays for judgment against Leed International as follows:

A.      Preliminarily and permanently enjoining and restraining Leed International, its directors, members, officers, agents, servants, employees, parents, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under any of them, at first during the pendency of this action and thereafter perpetually:

1.      from committing any acts of trademark infringement, trademark dilution, cybsersquatting, unfair competition and from implying a false designation of origin or a false description or representation with respect to the LEED Mark, any member of USGBC's LEED Family of Marks or USGBC's Design Marks;

2.      from using in any manner packaging, labels, signs, literature, display cards, Internet website, or other packaging, advertising, or promotional materials, or other materials related to Leed International's goods or services, bearing the LEED Mark, any member of USGBC's LEED Family of Marks, the USGBC Design Marks, or any other mark, word, or name confusingly similar to any of those marks;

3.      from making any statements on promotional materials or advertising for Leed International's goods or services that are false or misleading as to source or origin or affiliation with, sponsorship by, or connection to USGBC or USGBC's LEED certification program; and

4.      from using any designation that is likely to disparage, tarnish or dilute the distinctive quality of the LEED Mark;

B.      Requiring that Leed International transfer ownership of the second-level Internet domains <leedintl.com>  and <leedintl.net> to USGBC.

C.      Requiring that Leed International deliver up to USGBC any and all containers, signs, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof, which in any way unlawfully use or make reference to the LEED Mark, any of USGBC's LEED Family of Marks, or the USGBC Design Marks in connection with Leed International's goods or services.

D.      Requiring that Leed International, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon USGBC's counsel a written report under oath setting forth details of the manner in which Leed International has complied with the Court's order pursuant to paragraphs A through C above.

E.      Requiring Leed International to account and pay over to USGBC all damages sustained by USGBC, Leed International's profits, USGBC's attorneys' fees and costs, and ordering that the amount of damages awarded USGBC be increased three times the amount thereof pursuant to 15 U.S.C. §§ 1117 and 1125.

F.      Awarding USGBC such other and further relief as this Court deems just and proper.

Dated this 28th day of April, 2014.

Respectfully submitted,


By: _/s/ *Lindsey H. Raspino*_____
      Lindsey H. Raspino
      State Bar No. 24065373
      McGuireWoods LLP
      JPMorgan Chase Tower
      600 Travis, Suite 7500
      Houston, Texas 77002
      Telephone: (713) 571-9191
      Fax: (713) 571-9652
      Email: lraspino@mcguirewoods.com


      Kristen M. Calleja (*pro hac vice application
      to be submitted*)
      kcalleja@mcguirewoods.com
      William N. Federspiel (*pro hac vice
      application to be submitted*)
      wfederspiel@mcguirewoods.com
      McGuireWoods LLP
      One James Center
      901 East Cary Street
      Richmond, Virginia 23219-4030
      (804) 775-1000
      (804) 775-1061 (fax)

      *Attorneys for the U.S. Green Building Council*