IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| US GREEN BUILDING COUNCIL, INC, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:14-CV-01541-M-BH |
| ) | |
| DAVID E. WARDELL, doing business ) | |
| as Leed International, LLC, doing ) | |
| business as Wardell Consulting, LLC, ) | |
| ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated February 4, 2015 (doc. 35), this case has been referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Before the Court is *Defendant's Request to Deny Plaintiff's Request for Entry of Default,* filed February 3, 2015 (doc. 34), which was liberally construed as a *pro se* motion to set aside the entry of default and for extension of time to answer. (*See* doc. 36.) Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

On April 28, 2014, U.S. Green Building Council, Inc. (Plaintiff), sued Leed International, LLC (Leed), for trademark infringement, trademark dilution, unfair competition, false advertising, and cybersquatting. (doc. 1.) After receiving an extension of time to respond, David E. Wardell filed an answer to Plaintiff's complaint on August 22, 2014, on behalf of Leed. (*See* docs. 15, 16.) Upon motion of Plaintiff, the answer was stricken on November 12, 2014, and Leed was ordered to file a response that complied with the Federal Rules of Civil Procedure within two weeks. (doc. 21.) Leed filed a motion to dismiss on November 25, 2014, and an amended answer on December 3,

2014. (docs. 22, 25.)

After being granted leave of the Court, Plaintiff amended its complaint to name David E. Wardell, d/b/a Leed International, LLC, d/b/a Wardell Consulting, LLC (Defendant) as defendant on December 12, 2014. (docs. 26, 27.) The Clerk of Court issued a summons for Defendant that same day. (doc. 28.) On December 18, 2014, the Court denied Leed's prior motion to dismiss as moot because Leed was no longer named as a defendant in the amended complaint. (doc. 30.) On December 19, 2014, Plaintiff filed proof of service indicating that Defendant had been personally served on December 17, 2014. (doc. 31.) After Defendant failed to timely answer, Plaintiff sought entry of default on January 22, 2015, and the Clerk entered default that same day. (docs. 32, 33.)

On February 3, 2015, Defendant filed what has been liberally construed as a motion to set aside the entry of default and for extension of time to answer. (docs. 34, 36.) With a timely-filed response (doc. 37), the motion is now ripe for recommendation.

## II.  MOTION TO SET ASIDE DEFAULT

Under Rule 55(c), courts may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c); *Stelax Indus., Ltd. v. Donahue*, No. 3:03–CV–923–M, 2004 WL 733844, at *10 (N.D. Tex. Mar. 25, 2004). The good cause standard is a liberal one. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc*., 346 F.3d 552, 563 (5th Cir. 2003). In deciding whether a defendant has shown good cause, courts consider the following factors: (1) whether the failure to respond was willful or the result of excusable neglect; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant has presented a meritorious defense. *Id*.; *CJC Holdings, Inc. v. Wright & Lato, Inc*., 979 F.2d 60, 64 (5th Cir. 1992) (holding that the former willful standard should be replaced with "the less subjective excusable neglect standard in the future"); *iLife Techs.,*

2

*Inc. v. ActiveCare, Inc.*, No. 3:12–CV–5161, 2013 WL 1943322, at *1 (N.D. Tex. May 10, 2013) (Lynn, J.); *see also Stevenson v. Verizon Wireless, LLC*, No. 3:08–CV–0168–G, 2009 WL 188188, at *2 & n.* (N.D. Tex. Jan. 27, 2009) ("Before *CJC Holdings* . . . Fifth Circuit law provided that the court should inquire whether the default was 'willful' . . . . However, in *CJC Holdings*, the Fifth Circuit recommended that in all future cases the district court should apply an 'excusable neglect' standard.") (analyzing good cause under Rule 55(c)). These factors are nonexclusive, and another factor often considered by courts is whether the party acted promptly to correct the default. *Effjohn*, 346 F.3d at 563. "The decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

**A.     Excusable Neglect**

Defendant alleges that his failure to respond was not willful because he did not receive notice that Leed's motion to dismiss had been denied and he was physically unable to respond during the 21 days following receipt of the summons for the amended complaint. (doc. 34 at 1-2.)

As noted, willfulness is determined by applying the excusable neglect standard. *Stevenson*, 2009 WL 188188, at *2 & n.*. The Supreme Court has held that excusable neglect is an " 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the [movant's] control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness . . . ." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07–CV–1728–D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008); *see also Friedman & Feiger, L.L.P. v. ULofts Lubbock, LLC*, No. 3:09–CV–1384–D, 2009 WL 3378401, at *2 (N.D. Tex.

3

Oct. 19, 2009) (the defendant's mistaken reliance on settlement negotiations constituted excusable neglect); *Stelax Indus., Ltd.*, 2004 WL 733844, at *10 (the defendants' default was excusable where they were under the false impression that the co-defendant's attorney represented them); *UMG Recordings, Inc. v. Landers*, 07–1279, 2008 WL 60422, at *2 (W.D. La. Jan. 4, 2008) (excusing the defendant's delay in answering the complaint where there was no evidence that he acted intentionally). Courts have found excusable neglect even when the defendant "offered no explanation for [their] failure to respond to the amended complaint in a timely manner", because the "[d]efendant [was] proceeding *pro se*, and nothing before the Court suggest[ed] that [the] failure was intentional." *See Flores v. Koster*, No. 3:11–CV–0726–M–BH, 2012 WL 6625278, *2 (N.D. Tex. Dec. 20, 2012) (citing *Landers*, 2008 WL 60422, at *2 *(the court found excusable neglect when the defendant was *pro se* and filed an answer less than 20 days after the entry of default); *In re Waggoner*, 2007 WL 3171740, at *5).

Here, the *pro se* Defendant did provide two reasons for his failure to respond, i.e., that he did not receive the order denying Leed's motion to dismiss, and his physical inability to respond within 21 days of service of process. He sought an extension to respond within 8 business days of the default. Nothing suggests that his failure to respond was intentional. He filed two answers and a motion to dismiss Plaintiff's original complaint on behalf of his d/b/a (Leed) before he was joined as an individual party. The multiple filings and timely response are indicative of Defendant's intent to respond. Accordingly, he has shown excusable neglect.

**B.**   **Prejudice**

As stated by the Fifth Circuit, "[t]here is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.' " *Lacy v. Sitel*

4

*Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). "[M]ere delay does not alone constitute prejudice." *Id*. "[T]he plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (5th Cir. 1990)). Here, Plaintiff has made no such allegations. It will not be prejudiced if Defendant's motion is granted.

**C.     Meritorious Defense**

Plaintiff further alleges that Defendant failed to establish that he has a meritorious defense. (doc. 37 at 7.)

To show a meritorious defense, Defendant "need not prove that it will likely succeed on the merits." *iLife Techs.*, 2013 WL 1943322, at *2 (quoting *Owens–Illinois, Inc. v. T & N Ltd.*, 191 F.R.D. 522, 526 (E.D. Tex. 2000)). Rather, "[a] defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *J&J Sports Prods., Inc. v. Moso Ventures, Inc.*, No. 3:11–CV–1767–N(BF), 2012 WL 3846536, at *2 (N.D. Tex. Aug. 10, 2012), *adopted by* 2012 WL 3846514 (N.D. Tex. Sept. 5, 2012) (citation omitted). The *Moso Ventures* court found that "[t]he standard for showing a meritorious defense is not stringent because the likelihood of success is not the measure for the 'absence of meritorious defense' criterion." *Id.* (citing *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980)).[1] Accordingly, it found that an "assertion [in a Federal Communications Act

---

[1] Some courts have identified a stricter standard for establishing a meritorious defense when considering to set aside a default, i.e., "a fair probability of success on the merits." *See Heeling Sports Ltd. v. Paskey*, No. 3:07-CV-2123-B, 2008 WL 4566479, at *3 (N.D. Tex. Oct. 10, 2008) (citing *Federal Sav. and Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988) (using the "fair probability of success on the merits" standard in the Rule 60(b) context). *See id.* There appears to be a split in the Fifth Circuit regarding whether the standard for setting aside a default is less stringent than for a default judgment.

lawsuit] that the subject [] broadcasts were not shown at [Defendant's establishment]" was "at least an 'obtuse' showing of a meritorious defense. Thus, the 'absence of meritorious defense' criterion [was] lacking." *Id.* (citing *U.S. v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985)).

Here, Defendant has asserted that (1) Leed conducts business only internationally and does not provide services in the United States; (2) Leed never conducted green building, sustainability, or LEED certification in the United States; (3) Leed established a common law trademark, and has maintained its existence for six plus years; and (4) Leed was a member national member and active member in the North Texas Chapter of Plaintiff's organization from 2008 to 2011. (doc. 34 at 1-5.) Among other things, Defendant alleges that he is not infringing on Plaintiff's legal rights because he has a common law trademark. Additionally, Defendant's motion appears to raise territoriality and laches as defenses. Given the lenient standard that Defendant needs to meet at this juncture, he has presented at least " 'a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Moso Ventures*, 2012 WL 3846536, at *2 (citation omitted). Accordingly, Defendant has asserted a potentially meritorious defense for purposes of establishing that entry of default should be set aside.

## D.     **Timeliness of Motion**

Although not expressly raised as an independent factor by either party, another factor often considered by courts is whether the party acted promptly to correct the default. *Effjohn*, 346 F.3d

---

*Compare CJC Holdings*, 979 F.2d at 63-64 n. 1 (suggesting without deciding that standards for setting aside entry of default and default judgment may be the same) *with United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985) (stating that "the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect."). Based on the rule that "one panel may not overrule the decision-right or wrong-of a prior panel, absent en banc reconsideration or a superseding contrary decision of the Supreme Court," *In re Dyke*, 943 F.2d 1435, 1442 (5th Cir. 1991), the earlier and less rigorous standard for setting aside a default is applied. *See e.g., One Parcel*, 763 F.2d at 183.

at 563. As noted, Defendant moved to set aside the default only 8 business days after its entry. This factors support setting aside the default.

Based on the relevant factors, Defendant has shown good cause to set aside the entry of default.

### III.  RECOMMENDATION

The motion to set aside default and for extension of time should be **GRANTED**, and Defendant should be given an extension of 21 days to file a response.

**SO RECOMMENDED** on this 29th day of July, 2015.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE